IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHARRI K. EVENSON,  §  §    Plaintiff,  § § Civil Action No. 3:08-CV-0759-D VS. § § SPRINT/UNITED MANAGEMENT § CO., § § Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this case that was dismissed by agreed order following a settlement in June 2009, plaintiff Sharri K. Evenson ("Evenson") has submitted *pro se* letters docketed on May 5, 2011 and May 31, 2011 in which she challenges the dismissal. Treating her letters as motions for relief under Fed. R. Civ. P. 60(b), the court denies the motions. The court also directs that Evenson's former counsel demonstrate why the letters, which the clerk of court has filed under seal, should remain sealed, in whole or in part.

I

The background facts and procedural history of the underlying case are set out in the court's August 21, 2008 memorandum opinion and order. *See Evenson v. Sprint/United Mgmt. Co.*, 2008 WL 4107524, at *1 (N.D. Tex. Aug. 21, 2008) (Fitzwater, C.J.) ("*Evenson I*"). The court will therefore briefly recount the relevant background facts and procedural history before focusing on the background facts and procedural history pertinent to Evenson's present *pro se* motions.

Evenson was employed by Sprint/United Management Co. ("Sprint") until she was discharged. *Id.* at *1. Upon discharge, Evenson submitted to the Equal Employment Opportunity Commission ("EEOC") several forms reporting alleged discrimination on the basis of sex, age, disability, and retaliation. *Id.* She also filed with the EEOC a formal charge of discrimination, alleging retaliation and age and disability discrimination. *Id.* The EEOC issued Evenson a right-to-sue letter, and Evenson timely filed suit, asserting violations of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.,* disability, sex, and age discrimination, and retaliation.

In *Evenson I* the court held that Evenson had failed to exhaust her administrative remedies with respect to her sex discrimination claim. *Id.* at *8. On that basis, the court granted Sprint's motion to dismiss Evenson's sex discrimination claim. *Id.* Thereafter, the parties mediated the case and reached a settlement. The parties entered into a written settlement agreement ("Settlement Agreement") that Evenson signed on June 3, 2009. Evenson filed an agreed motion to dismiss with prejudice on June 16, 2009, and the court dismissed the case that same day via an agreed final order of dismissal with prejudice ("Final Order of Dismissal") signed by the attorneys for Evenson and Sprint.

In the Settlement Agreement, Evenson released Sprint and its related entities and agents from all legally waivable claims and causes of action that might be asserted in the pending lawsuit or in another forum, and that Evenson might have against Sprint and its related entities and agents at any time in the past to the date Evenson executed the Settlement Agreement. The parties agreed that Evenson's release and assignment of claims did not

include a release of her workers' compensation claim pending with Sprint's workers' compensation provider and any claim that Evenson could file with Sprint's property insurance company for alleged injuries from accidents during her time at Sprint. The Settlement Agreement included a merger clause that provided that the Settlement Agreement constituted the entire agreement between the parties and contained all of the covenants, agreements, and understandings between the parties with regard to the subject matter therein and superseded the prior agreement of the parties. Evenson also "acknowledge[d] that she [was] not relying upon any statements or representations of Sprint . . . , other than those set forth herein." D. App. 11. Evenson warranted that she was fully competent to manage her own business affairs and to enter into the Settlement Agreement, to execute the Settlement Agreement, and to make and enter into contractual agreements. *Id.* at 12. She also warranted that she had the opportunity to seek advice from her attorney, that she had a reasonable time to consider the terms of the Settlement Agreement, and that she entered into the Settlement Agreement by the voluntary exercise of her informed choice. *Id.*

Nearly two years after the court filed the Final Order of Dismissal, Evenson submitted a *pro se* letter to the court, docketed on May 5, 2011,[1] complaining that Sprint has not met the conditions outlined in the mediation of her case, and that she had concerns regarding the representation of her attorney, Joe Gillespie, Esquire ("Gillespie"). On May 6, 2011

---

[1] The letter is dated April 24, 2010, but the reference to "2010" is probably a typographical error because the envelope reflects that the postage was purchased on May 4, 2011, and the court received the envelope and its contents on May 5, 2011. The letter was docketed by the clerk of court on May 5, 2011.

include a release of her workers' compensation claim pending with Sprint's workers' compensation provider and any claim that Evenson could file with Sprint's property insurance company for alleged injuries from accidents during her time at Sprint. The Settlement Agreement included a merger clause that provided that the Settlement Agreement constituted the entire agreement between the parties and contained all of the covenants, agreements, and understandings between the parties with regard to the subject matter therein and superseded the prior agreement of the parties. Evenson also "acknowledge[d] that she [was] not relying upon any statements or representations of Sprint . . . , other than those set forth herein." D. App. 11. Evenson warranted that she was fully competent to manage her own business affairs and to enter into the Settlement Agreement, to execute the Settlement Agreement, and to make and enter into contractual agreements. *Id.* at 12. She also warranted that she had the opportunity to seek advice from her attorney, that she had a reasonable time to consider the terms of the Settlement Agreement, and that she entered into the Settlement Agreement by the voluntary exercise of her informed choice. *Id.*

Nearly two years after the court filed the Final Order of Dismissal, Evenson submitted a *pro se* letter to the court, docketed on May 5, 2011,[1] complaining that Sprint has not met the conditions outlined in the mediation of her case, and that she had concerns regarding the representation of her attorney, Joe Gillespie, Esquire ("Gillespie"). On May 6, 2011

---

[1] The letter is dated April 24, 2010, but the reference to "2010" is probably a typographical error because the envelope reflects that the postage was purchased on May 4, 2011, and the court received the envelope and its contents on May 5, 2011. The letter was docketed by the clerk of court on May 5, 2011.

Gillespie filed an emergency motion to seal Evenson's letter, arguing that it contained numerous false and defamatory statements about him and disclosed confidential settlement information. The court temporarily granted Gillespie's motion to seal. The court also explained that it would treat Evenson's May 5, 2011 letter as a Rule 60(b) motion, and it invited the filing of opposition responses. Sprint filed a timely response with exhibits.

Evenson submitted a second *pro se* letter to the court, docketed on June 1, 2011,[2] complaining that Sprint had not performed its obligations under the Settlement Agreement and complaining of Gillespie's representation. Gillespie filed an emergency motion to seal the June 1, 2011 letter, and the court temporarily granted the motion. The court also explained that it would treat Evenson's June 1, 2011 letter as a motion filed under Rule 60(b), and it invited the filing of opposition responses. Sprint filed a response with exhibits.

Evenson submitted a third *pro se* letter on June 10, 2011.[3] The court explained that it would treat this letter as a reply brief. Thus the court treats Evenson's June 10, 2011 letter as a reply to Sprint's response to Evenson's May 5, 2011 letter.

In her May 5, 2011 letter, Evenson complains of the following as to Sprint: (1) that Sprint has not met conditions outlined in the mediation, such as processing claims for insurance benefits, access to pension, and fully vested 401(k) funds; (2) that Sprint has failed,

---

[2]The letter is dated May 28, 2011; it was docketed by the clerk of court on June 1, 2011.

[3]The letter is dated June 8, 2011; it was docketed by the clerk of court on June 10, 2011.

- 4 -

as agreed, to process unpaid salary and benefits prior to the Settlement Agreement ; (3) that Sprint representatives indicated that Evenson's claims would be processed if she signed the Settlement Agreement; and (4) that Sprint has not complied with its agreement to provide workers' compensation benefits or long term disability benefits.  Evenson also lists three pages of compensation, benefits, and accommodation that Sprint has not provided.  *See* May 5, 2011 Letter at 5-7.

As to Gillespie, Evenson avers the following: (1) that Gillespie told Evenson not to hire attorneys specializing in the areas of law involved in her case; (2) that Gillespie refused to file a personal injury action and should have done so or have advised Evenson to hire a personal injury attorney; (3) that Gillespie did not discuss the facts and strength of Evenson's case during mediation, and that Gillespie instructed Evenson not to participate in the mediation; (4) that Gillespie refused during mediation to discuss proposed settlement offers with Evenson and made very low offers to Sprint; (5) that Evenson felt coerced to sign the Settlement Agreement; (6) that Gillespie told Evenson she could consider the Settlement Agreement before signing it when in fact the handwritten notes Evenson signed during mediation bound her to an agreement with Sprint; (7) that Gillespie's comments regarding mediation, settlement, and trial were misleading, evasive, and coercive; and (8) that Gillespie did not provide accurate, timely, or effective counsel and was unethical and coercive.

More generally, Evenson also complains that the settlement is not reflective of her actual loss or the value of her case, and that the court did not adequately hear and protect Evenson's rights with respect to the EEOC and the Employee Retirement Income Security

Act of 1974. Evenson requests in her May 5, 2011 letter that the court reopen her case, initiate a new case, initiate an appeal or amendment to the mediation agreement, or "other potential recourse due to non-compliance with mediation agreement, coercion, and unethical counsel from my attorney." May 5, 2011 Letter at 1.

In response to the May 5, 2011 letter, Sprint contends that Rule 60(b) provides no basis for relief from the Final Order of Dismissal. It argues that none of the subsections of Rule 60(b) applies in this case, that relief under Rule 60(b)(1), (2), and (3) is time-barred, and that Evenson cannot establish grounds for relief under Rule 60(b)(6). Sprint maintains that, to the extent Evenson complains that Sprint failed to comply with the Settlement Agreement by not processing her claims for workers' compensation and disability benefits, the Settlement Agreement contains no such obligations. Sprint further argues that, if Evenson was mistaken as to the contents of the Settlement Agreement, this does not entitle her to relief under Rule 60(b). Sprint points out that Evenson does not argue that Sprint has not fully complied with the terms and obligations of the Settlement Agreement. Finally, Sprint posits that, if Evenson claims that Sprint has engaged in actionable conduct after the execution of the Settlement Agreement, a Rule 60(b) motion is not the appropriate avenue for relief.

In her June 10, 2011 reply, Evenson argues that she is entitled to relief on the following grounds: (1) inadvertently, medical records related to Evenson's workplace injury were not considered; (2) Evenson discovered in 2010 the reasons for the delay in workers' compensation benefit approval and for 401(k) vesting; (3) Gillespie or Sprint misrepresented

facts regarding options available to Evenson; (4) terms of the Settlement Agreement had not been met as of April 30, 2010; (5) applying the Settlement Agreement is no longer equitable due to the described circumstances and the length of time that passed without compliance; (6) she was not provided the accommodation she requested to view the prepared settlement document before she was asked to sign it; (7) communications (the court assumes, between Evenson and Gillespie) and conditions during mediation; and (8) direction given (the court assumes, by Gillespie to Evenson) on May 7, 2010 regarding new representation for breach of contract versus confirmation at time of settlement regarding payment of benefits.

In her June 1, 2011 letter, Evenson reiterates the complaints of her May 5, 2011 letter as to Gillespie's conduct and representation before and during mediation. She argues that Gillespie misled her as to the contents of the Settlement Agreement and did not allow or encourage her to participate in the mediation. She maintains that she was coerced into signing the Settlement Agreement, and that she did not understand the options she had in pursuing remedies. Concerning Sprint, Evenson only reiterates that Sprint did not process the benefits she believes were included in the Settlement Agreement. Her June 1, 2011 letter includes a list of "vested benefits" that she maintains Sprint has failed to pay her and other benefit losses related to her employment claim. She also states that her objective is a fair, equitable settlement that reflects the relative value of the case considering its current status.

In response, Sprint maintains that Evenson is reurging the underlying claims that she released in the Settlement Agreement, and that Sprint is not obligated by the Settlement Agreement to pay workers' compensation, disability, or pension benefits. Sprint contends

that, even if Evenson signed the Settlement Agreement with a mistaken understanding of its contents, she is not entitled to relief under Rule 60(b).

II

Under Rule 60(b), a district court can grant relief from a final judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. Rule 60(b)(1)-(5).[4] The court can also set aside a judgment for "any other reason that justifies relief." Rule 60(b)(6). Relief under this "catch-all" provision is available, however, "'only if extraordinary circumstances are present.'" *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on Evenson as the movant, and the determination whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc).

Motions seeking relief under Rule 60(b)(1) through (b)(3) must be brought within one year "after the entry of the judgment or order or the date of proceeding." *See* Rule 60(c)(1).

---

[4]The court has treated Evenson's letters as motions under Rule 60(b) because there is no other available procedural mechanism for granting relief from the Final Order of Dismissal. To the extent Evenson is complaining of conduct that occurred after she entered into the Settlement Agreement and regarding which she is not precluded under the agreement from seeking relief, she must bring a separate lawsuit asserting any claims that are available under the law and not barred by a statute of limitations.

Motions seeking relief under Rule 60(b)(4) through (b)(6) must be made within a reasonable time. *See id.*

III

A

To the extent Evenson seeks relief under Rule 60(b)(1), (2), or (3)—that is, to the extent she seeks relief based on mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, misrepresentation, or misconduct by an opposing party—her request is time-barred. The court filed the Final Order of Dismissal on June 16, 2009. Evenson's first letter was docketed on May 5, 2011, and her second letter was docketed on June 1, 2011.[5] Nearly two years elapsed before Evenson sought relief. The court therefore declines to grant relief under Rule 60(b)(1), (2), or (3) on the basis that it is time-barred.

B

Assuming *arguendo* that Evenson's challenges under Rule 60(b)(4), (5), and (6) were made within a reasonable time, they fail on the merits.

Under Rule 60(b)(4), a judgment can be set aside if it is void, but Evenson does not allege that the Final Order of Dismissal is void. "[R]elief from judgment is available if the district court lacked subject matter or personal jurisdiction, or if the court acted in a manner inconsistent with due process of law." *Salazar v. Owens-Ill. Salary Emp. Welfare Benefits Plan*, 2010 WL 454900, at *1 (N.D. Tex. Jan. 26) (Sanderson, J.) (citing *Callon Petrol. Co.*

---

[5]Even if the court uses the dates of the letters rather than the dates of docketing, the result would be the same.

- 9 -

*v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir. 2003)), *rec. adopted* (N.D. Tex. Feb. 10, 2010) (Fitzwater, C.J.).  Likewise, Evenson does not allege that the Final Order of Dismissal has been satisfied, released, or discharged.  Thus she does not seek relief under Rule 60(b)(5).

Rule 60(b)(6) provides that "the court may relieve a party . . . from a final judgment . . . [for] any other reason that justifies relief."  "This subsection 'is a catch-all provision' meant to provide relief 'only if extraordinary circumstances are present.'" *Salazar*, 2010 WL 454900, at *1 (quoting *Hess*, 281 F.3d at 215-16).  Even when liberally construed in light of her *pro se* status, Evenson's motions do not allege that "extraordinary circumstances" are present in this case, at least as to Sprint's behavior and the Settlement Agreement.

Evenson is not entitled to relitigate her claims against Sprint through a Rule 60(b)(6) motion.  *See, e.g., Carter v. Dolce*, 741 F.2d 758, 759 (5th Cir. 1984) (affirming denial of Rule 60(b) motion where plaintiff had previously litigated or had opportunity to litigate identical claims to those asserted in present complaint).  And "the broad power granted by Rule 60(b)(6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made." *In re Pettle*, 410 F.3d 189, 192 (5th Cir. 2005) (internal quotation marks, alterations, and citation omitted).  "Accordingly, federal courts have consistently applied this principle in refusing to grant a party who voluntarily requests dismissal of a claim to obtain relief from that judgment under Rule 60(b)." *Id.*

Rule 60(b) does not provide relief from a settlement agreement. *See Tsironis v. Bismark Hotel*, 74 F.3d 1242, at *2 (7th Cir. 1996) (table decision).  In *Tsironis* the court

noted that the plaintiff's request for relief under Rule 60(b) was based on the belief that, because the settlement agreement was allegedly void, the judgment was also void. *Id.* The court noted that it is a "rather odd proposition that the settlement agreement and the judgment are somehow proxies for each other[]" because a settlement agreement is not an order of the court but a contract between the parties. *Id.* "The court's order dismissing the case was based on the parties' stipulation of dismissal[.]" *Id.* The court also stated that the low value of a settlement does not indicate a lack of due process, and that the plaintiff's lack of understanding regarding the settlement agreement is irrelevant. *Id.* at *3. Moreover, the court noted that if plaintiff's counsel failed to represent the plaintiff's interests, the plaintiff was bound by counsel's errors, and the errors provided no basis for Rule 60(b) relief. *Id.* The court noted that the proper recourse in such circumstances was a malpractice suit against the attorney. *Id.* (citing *United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1318 (7th Cir. 1995)); *see also Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 289 (5th Cir. 1985) (holding that proper recourse for client prejudiced by attorney's inadvertence or negligence is malpractice action against the attorney); *Leon Chocron Publicidad y Editora, S.A. v. Jimmy Swaggart Ministries*, 990 F.2d 1253, at *3-4 (5th Cir. 1993) (per curiam) (unpublished table decision) (affirming denial of Rule 60(b) motion seeking relief based on "constructive abandonment" by attorney, and holding that, if attorney mishandled case, remedy against attorney was in form of malpractice suit).

Additionally, "[a]bsent a showing of fraud or duress, parties are bound by the agreements that they sign, without regard to whether they regret their decisions after the

- 11 -

fact." *Duma v. Unum Provident*, 770 F.Supp.2d 308, 313 (D.D.C. 2011) (internal quotation marks and citation omitted). In *Duma* the plaintiff alleged that she was under duress and coercion when she signed a settlement agreement and release and that she was not given the opportunity to read the settlement agreement and release before signing it before a notary public. *Id.* The court held that the plaintiff's allegations were far from the standard for duress, because duress is "any wrongful threat of one person by words or other conduct that induces another to enter a transaction under the influence of such fear as precludes him from exercising free will and judgment[.]" *Id.* at 313-14 (internal quotation marks, citation, and ellipsis omitted). The court therefore denied plaintiffs' motion under Rule 59(e) and Rule 60(b). *Id.* at 314-15; *see also Jordan v. Verizon Corp.*, 2007 WL 4591924, at *12 (S.D.N.Y. Dec. 27, 2007) (denying plaintiff's motion to vacate judgment under Rule 60(b) where plaintiff failed to present sufficient evidence that she was unable to exercise free will in deciding whether to settle or go to trial even though she may have felt pressure to make a choice).

C

Accordingly, the court concludes that Evenson has not met her burden of establishing that at least one of the subsections of Rule 60(b) applies to the Final Order of Dismissal.[6] Treating her letters docketed on May 5, 2011 and June 1, 2011 as Rule 60(b) motions, the

---

[6]The court does not hold, however, that Evenson has no potential recourse against Sprint or Gillespie in a proper action. The court's holding is limited to its refusal to grant relief from the agreed judgment in this case.

- 12 -

court denies them.

IV

As noted above, the court temporarily sealed Evenson's letters in response to Gillespie's motions.[7] It is not apparent, however, why these letters should remain sealed, or whether they should be sealed in part or in their entirety. If Gillespie maintains that there is good cause to seal the letters in whole or in part, he must file a motion to seal within 14 days of the date this memorandum opinion and order is filed, identifying the portions that he contends should remain sealed and the grounds therefor (including the supporting rule or legal principle). The motion may be filed under seal if it discloses material that Gillespie maintains is itself protected. After reviewing the motion (if filed), the court will decide whether to invite a response. If no motion is filed, or the court determines that sealing is not justified, the court will order the letters to be unsealed in whole or in part.

\* \* \*

Treating Evenson's May 5, 2011 and June 1, 2011 letters as Rule 60(b) motions, the court denies the motions. The court directs Gillespie to demonstrate that the letters should

---

[7]Actually, it appears that the first letter was sealed by the clerk of court, without court authorization, after Gillespie or someone acting on his behalf contacted the clerk's office directly. After the court inquired about this, it was informed by a member of the clerk's office that this is standard procedure when such a request is made.

- 13 -

remain sealed, in whole or in part.

**SO ORDERED.**

August 23, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE